# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KELIA BURLESON,** | ] |
| Plaintiff, | ] |
| vs. | ]  CV 12-J-2265-M |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her disability insurance benefits. The case is now properly before the court. *See* 42 U.S.C. § 405. At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 29 years old, had a high school education, and had attended three years of college (R. 58-59, 75). She also has military training and received an honorable discharge (R. 64-65).

At hearing, the plaintiff alleged an inability to work due to psychogenic seizures (R. 60, 69). The plaintiff was unable to state how often she experiences these symptoms, other than they are inconsistent and that she had not had a "full-blown" event in about three months (R. 61). When she does have one, it might last 30 minutes to several hours, during which she is unable to do anything (R. 60). The plaintiff believes she averages one seizure per month (R. 66).

According to the Vocational Expert ("VE"), the plaintiff's past work was all light and unskilled, except for her work in the military, which was light and skilled (R. 71). The

plaintiff claims disability beginning August 2007 and her date last insured was June 30, 2008 (R. 47, 120). Thus, the sole issue before this court is whether the plaintiff established disability beginning on or before June 30, 2008, for purposes of receiving Social Security benefits.[1]

The ALJ found that the plaintiff does have convulsion disorder, an impairment which is severe, but does not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 40, 43). The ALJ found that, as of her date last insured, the plaintiff had the residual functional capacity to perform a limited range of light work, including her past relevant work as a cashier (R. 47).

The plaintiff's medical records from the relevant time period show complaints of lower back pain (R. 200-203) although an x-ray of her spine was normal (R. 212). Records in 2005 and 2006 reflect chronic anxiety and nervous tics (R. 222, 224, 226). An EEG predating her alleged onset date was normal (R. 268). A second one in 2007 was also normal (R. 301). An MRI of her brain was unremarkable (R. 304). A third EEG in 2008 was also normal (R. 315). She complained of swelling and pain to her knee (R. 519).

Dr. John Just, a neurologist, described plaintiff's condition as "tic like" when she presented while having involuntary movements (R. 333). He noted in January 2008 that the plaintiff reported seizures several times per day, and opined that the reported seizure disorder was "atypical and somewhat unresponsive to numerous attempts at medical

---

[1] Plaintiff's counsel submitted a 33 page brief in support of plaintiff's claim of disability (doc. 11), as well as a motion to remand under Sentence 6 (doc. 12). Although partially indecipherable, plaintiff's counsel seems to argue that numerous medical records from 2010, 2011, and 2012 establish numerous diagnoses not considered by the ALJ. The court has no evidence before it that the plaintiff actually suffered from any of these ailments prior to June 30, 2008. Whether the plaintiff suffers from those conditions after her date last insured is irrelevant to the issue before this court. As such, the court will deny the motion to remand by separate Order, and disregard the medical records which do not relate back to the relevant time period.

treatment. May be a component of pseudo-seizure or malinger, but it is not clear" (R. 322). In May 2008 medical records note the plaintiff reported she was "doing somewhat better" and the seizures were occurring less frequently (R. 317). In June 2008 the plaintiff underwent video EEG monitoring, which resulted in diagnoses of migraines and convulsions (R. 378).

A mental consultative evaluation in July 2008 concluded that the plaintiff suffered from "Anxiety Disorder, Mild" (R. 373). Her regular treating physician at that time, Dr. Clinton Allen, noted that plaintiff was diagnosed with conversion disorder[2] and anxiety, and opined he believed the plaintiff suffered from bipolar disorder as well (R. 521, 531). His August 2009 note, more than a year after the plaintiff's insured status expired, noted that the plaintiff has been doing well, with only one pseudo-seizure per month, but then has two in two days (R. 546).

Although the plaintiff relies heavily on the psychiatric records of Elizabeth Lachman, M.D., those records reflect the plaintiff was not seen by her until November 2008, four months after her insured status expired (R. 625). That initial visit resulted in a diagnosis of Generalized Anxiety Disorder and a notation that the plaintiff's mood was depressed (R. 625-629). When asked in 2011 when the plaintiff became disabled, Dr. Lachman wrote "2008" and that she expected the same to continue for "12-24 mos." (R. 557). In 2011 Dr. Lachman opined that the plaintiff had moderate, marked and extreme limitations (R. 561-562).

---

[2]Conversion disorder is a mental health condition in which a person has neurological symptoms not explained by medical evaluation. http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001950/. In 2010 plaintiff was referred for a mental consultative evaluation by her counsel, the result of which was a diagnosis of depression after the examiner opined the plaintiff did not suffer from "classical conversion disorder" (R. 43).

3

The plaintiff argues that the ALJ had an inadequate record. Plaintiff's memorandum (doc. 11), at 1. However, none of the records the plaintiff states should have been included actually existed at the time plaintiff claimed to be disabled, and those records further post date the ALJ's decision by several months to several years.[3]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Winschel v. Comm'r of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

---

[3]Plaintiff's counsel relies heavily on an opinion of Dr. Lachman from March 8, 2012 (submitted as Exhibit A to plaintiff's memorandum opinion). Interestingly, that document states that, although Dr. Lachman did not see the plaintiff until November 2008 she believed the plaintiff became disabled before 2008, and that the plaintiff is disabled because of "distortion of reality." She further states that plaintiff's medications have no side effects which would preclude employment. In any event, the ALJ could not consider this document in his 2010 opinion, because it did not exist. It further contradicts Dr. Lachman's opinion of 2011, and assigns a disability date that precedes Dr. Lachman ever seeing the plaintiff.

The court finds the opinion of the ALJ, and the Appeals Council when it granted review, are well supported by the relevant evidence of record.[4]  Plaintiff's counsel seems to misunderstand the relevant time period to which the court is limited.  Whether or not the plaintiff is currently disabled, or became disabled at any time after June 30, 2008, is not an appropriate consideration for this court.  Even though the Appeals Council granted review, only new evidence relevant to the period on or before the ALJ's decision may be considered on review.  *See e.g.*, 20 C.F.R. § 404.970 (b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision").

The claimant bears the burden of proving that she is disabled, and, thus, is responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir.2003). The ALJ has a basic obligation to develop a full and fair record, *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981), which requires developing the medical history for the twelve months prior to the date the application for disability benefits is filed, but not the obligation to develop the record after that date. *Ellison*, 355 F.3d at 1276; 20 C.F.R. § 416.912(d).  The plaintiff does not argue that there are any records from

---

[4] The Appeals Council found that the ALJ was incorrect to find that the plaintiff could return to past relevant work as a cashier, but affirmed the denial of benefits as it found that there were a significant number of jobs in the national economy that the plaintiff could perform (R. 4).  When the Appeals Council grants review, the Appeals Council's decision is reviewable as the final decision of the Commissioner of the Social Security Administration. *Sims v. Apfel*, 530 U.S. 103, 106–07, 120 S.Ct. 2080, 2083, 147 L.Ed.2d 80 (2000). Because the Appeals Council here adopted all the findings of the ALJ except that regarding plaintiff's work as a cashier, the court is essentially reviewing the decision of the ALJ, except for that one modification.

this relevant time period which were omitted from the record, and the record does not "reveal[] evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir.1995).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge, as modified by the Appeals Council, is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standards. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 7th of March, 2013.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE